# IN THE COURT OF APPEALS OF IOWA

No. 19-1595
Filed April 1, 2020

**IN THE INTEREST OF C.G.,
Minor Child,**

**A.G., Mother,**
Appellant.
_____

Appeal from the Iowa District Court for Polk County, Romonda Belcher, District Associate Judge.

A mother appeals the termination of her parental rights to her child. **AFFIRMED.**

Adam M. Stone, Urbandale, for appellant mother.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

Mike Bandstra, Des Moines, attorney and guardian ad litem for minor child.

Considered by Tabor, P.J., and Mullins and Schumacher, JJ.

**MULLINS, Judge.**

A mother appeals the termination of her parental rights to her child, born in 2013.[1]  The mother contests termination pursuant to Iowa Code section 232.116(1)(*l*) (2019) and argues termination is not in the child's best interest.

The family came to the attention of the Iowa Department of Human Services (DHS) in 2017 when the mother was sentenced to prison for a drug-related offense.  The child was placed with the biological father, and DHS interaction ceased in November 2017.  The family again came to the attention of DHS in April 2018.  The mother was released from prison into inpatient drug treatment at the House of Mercy.  She was dismissed due to methamphetamine use and moved into the home with the child and father.  Shortly thereafter, the mother continued to use methamphetamine and the father assaulted the mother in the presence of the child.  The child was adjudicated in need of assistance, removed from the father's home, and placed with the paternal grandmother.

The mother initially made progress.  She engaged in substance-abuse treatment following the child's removal.  At the dispositional-review hearing in November 2018, testimony showed the mother was able to maintain sobriety, employment, and housing.  She was attending treatment, engaged in therapy, and addressing her domestic-violence issues.  She exercised unsupervised overnight visits with the child.  The court delayed scheduling the permanency hearing to permit the mother more time to work toward reunification.  By the time of the permanency hearing in April 2019, the situation had changed.

---

[1] The father consented to termination of his parental rights and does not appeal.

Throughout the course of proceedings the mother made multiple attempts to complete treatment with limited success. She had multiple instances of relapse, the most recent in February 2019. The mother admitted her methamphetamine use to her parole officer and DHS. The mother tested positive for methamphetamine in March 2019 and again by sweat patch in May. The mother insisted she did not use in May but admitted she spent time with people who were known drug users. She was also pregnant at that time.

The mother has also engaged in mental-health treatment. Those services include one-on-one therapy, some group therapy, and medication management. The mother has also engaged in services targeted at building healthy, non-violent relationships, but with little success. The mother has a long history of becoming involved with abusive and dangerous romantic partners, and she continued to do so through the course of proceedings. In the spring of 2019 the mother became pregnant by a paramour who used drugs and may have been selling drugs as well. She was involved with the man in the past and reunified with him shortly after he was released from prison in early 2019. In fact, it was interaction with this paramour that the mother alleges led to her positive drug test in May 2019.

A petition to terminate the mother's parental rights was filed in July 2019, and the hearing was held in August. The mother's parental rights were terminated pursuant to Iowa Code section 232.116(1)(f) and (*l*). The mother appeals.

Terminations of parental rights are reviewed de novo. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). "Although we are not bound by them, we give weight to the trial court's findings of fact, especially when considering credibility of witnesses." *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). Terminations of parental

rights are upheld if clear and convincing evidence supports the grounds for termination. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). "'Clear and convincing evidence' means there are no serious or substantial doubts as to the correctness o[f] conclusions of law drawn from the evidence." *C.B.*, 611 N.W.2d at 492. Our paramount concern is the best interest of the child. *Id.*

On appeal, we follow a three-step process when reviewing termination of parental rights. *P.L.*, 778 N.W.2d at 40. "The first step in our analysis is to determine if a ground for termination exists under section 232.116(1)." *Id.* If a parent does not appeal all statutory grounds we may bypass step one. *Id.* "The second step in the analysis is to consider the factors under section 232.116(2)." *Id.* "Finally, we must decide if any exceptions to termination exist under section 232.116(3)." *Id.* at 41.

The mother does not challenge the sufficiency of the evidence supporting termination pursuant to section 232.116(1)(f). Accordingly, step one is satisfied. *See id.* at 40. Section 232.116(2) directs us to "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional needs of the child." "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *Id.*

The child will turn seven years old this year and has been removed from the mother's custody since January 2017. Since that time, the mother has been unable to display a long-term ability to maintain sobriety and avoid relationships

involving domestic violence. Although the mother has had periods of sobriety, employment, and appropriate housing, she has already exceeded the statutory reunification period. And, at the termination hearing, the mother admitted the child could not immediately be returned to her care and requested a six-month delay to termination.

The child has been in the paternal grandmother's home since April 2018. The paternal grandmother and her husband were completing an adoptive home study at the time of termination and are willing to adopt the child. The child is healthy and started school last fall. The child has not been exposed to drugs or violence in the grandmother's home. Given that the mother has already been granted time to create a safe and stable environment for the child but admittedly has not done so, we are convinced termination of her parental rights is in the child's best interests pursuant to the factors presented in section 232.116(2).

The mother argues permissive exceptions to termination apply pursuant to section 232.116(3). She argues termination is not necessary because "a relative has legal custody of the child," and "there is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." Iowa Code § 232.116(3)(a), (c). Instead, the mother asks for the paternal grandmother to have guardianship over the child.

The record reveals the mother and child share a bond and love each other. The mother testified the child cries when she leaves. However, the mother has not had legal custody of the child since the first removal occurred in January 2017. The mother has not had unsupervised visits with the child since her relapse one-year ago. The child is happy and healthy in the paternal grandmother's home.

Even though the mother and child love each other and are bonded, we must prioritize this child's need for permanency and stability.

Imposing a guardianship would continue court involvement and jurisdiction over the child. Since removal, the mother has failed to show she can maintain a long-term commitment to sobriety and safe relationships. She was pregnant at the time of termination and did not present a realistic plan to care for two children. This child deserves permanency now. There is nothing to suggest guardianship would provide the stability the child will gain through adoption in the paternal grandmother's home. Based on our review of the record, we find no permissive exceptions to termination apply in this case and affirm the termination of the mother's parental rights.

**AFFIRMED.**